UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR LOUIS SMITH,

        Petitioner,

v.                               CASE NO. 05-CV-71342-DT
                                        HONORABLE GEORGE CARAM STEEH

CINDY CURTIN,

        Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION FOR BOND

Petitioner Arthur Louis Smith has filed a *pro se* application for the writ of habeas corpus. The habeas petition challenges Petitioner's convictions for assault with intent to commit murder, carrying a concealed weapon, and felony firearm.[1]

This matter currently is pending before the Court on Petitioner's motion for release on bond pending resolution of his habeas petition. Petitioner alleges that he has presented a serious question of law which, if proven, warrants reversal of his convictions. He further alleges that he does not pose a danger to the community and that he is not a flight risk. He anticipates residing with his mother if released on bond, and he states that his family is willing to pay to have an electronic tether installed. Petitioner

---

[1] The habeas petition alleges that (1) the in-court identification was the product of a suggestive identification, (2) the evidence was insufficient to sustain the convictions, (3) the prosecutor's conduct was improper, and (4) the trial court should have read Petitioner's requested jury instruction on identification. Respondent argues in a responsive pleading that the state court's adjudication of Petitioner's first two claims was not an unreasonable application of Supreme Court precedent, that Petitioner's prosecutorial-misconduct claim is barred by Petitioner's failure to make a contemporaneous objection at trial, and that Petitioner's final claim is not cognizable on habeas review.

is incarcerated because he has been tried, convicted, and sentenced by a court of law.  He now attacks his conviction in a collateral proceeding.  It is obvious that a greater showing of special reasons for admission to bail pending review should be required in this kind of case than would be required in a case where applicant had sought to attack by writ of habeas corpus an incarceration not resulting from a judicial determination of guilt.  In this kind of case it is therefore necessary to inquire whether, in addition to there being substantial questions presented by the appeal, there is some circumstance making this application exceptional and deserving of special treatment in the interests of justice.

*Aronson v. May*, 85 S. Ct. 3, 5 (1964)(citations omitted).  "Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case."  *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).  "[A]s a practical matter, . . . motions for bail will be denied in most of the habeas proceedings," as there will be few occasions when a petitioner will meet the standard established in *Aronson. Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990).

Although Petitioner arguably has presented substantial issues in his habeas petition, he has not shown any circumstance making his application for bond exceptional or deserving of special treatment.  Accordingly, Petitioner's motion for bond [Doc. #22, Dec. 1, 2005] is DENIED.

Dated: August 14, 2006

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 14, 2006, by electronic and/or ordinary mail.

S/Marcia Beauchemin
Deputy Clerk

2