UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ARTHUR LOUIS SMITH,

        Petitioner,

v.                              CASE NO. 05-CV-71342-DT
                                  HONORABLE GEORGE CARAM STEEH

CINDY CURTIN,

        Respondent.

_____/

## ORDER GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS AND GRANTING IN PART A CERTIFICATE OF APPEALABILITY

### I. Introduction

Petitioner Arthur Louis Smith has appealed the Court's opinion and order denying his application for the writ of habeas corpus. The Court must treat the notice of appeal as an application for a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability]." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "It is consistent with § 2253 that a [certificate of appealability] will issue in some instances where there is no certainty of ultimate relief. After all, when a [certificate of appealability] is sought, the whole premise is that the prisoner 'has already failed in that endeavor.'" *Miller-El*, 537 U.S. at 337 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong . . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "[A] claim can be debatable even though every jurist of reason might agree, after the [certificate of appealability] has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

## II. Discussion

The habeas petition challenges Petitioner's state convictions for assault with intent to commit murder, carrying a concealed weapon, and possession of a firearm during the commission of a felony. The charges arose from a drive-by shooting at 225 Howard Street in Mount Clemens, Michigan on June 29, 2002.

Tyrone Horton testified that he had been sitting on the curb, waiting for his wife to pick him up, when he heard gun shots and saw others running. He got up and was shot in the back as he tried to run. Vincent Durr was an eyewitness who provided the police with a description of the shooter, and identified [Petitioner] in a photographic lineup.

*People v. Smith*, No. 247826, at 1 (Mich. Ct. App. July 15, 2004).

### A. The Pretrial Photographic Identification

Petitioner alleges that Vincent Durr's in-court identification of him was the product of a suggestive pretrial photographic array and should have been suppressed. The Court determined that the photographic array was not suggestive and that Durr's identification of Petitioner was reliable.

2

Reasonable jurists might debate whether Durr's identification of Petitioner was reliable because Durr saw the shooter at night for about three seconds and from a distance of ten to fifty feet away. The shooter was seated in a car at the time, and Durr did not know him. A certificate of appealability may issue on Petitioner's first claim.

## B.  Sufficiency of the Evidence

The second habeas claim alleges that the prosecutor failed to present sufficient evidence to sustain Petitioner's convictions. Petitioner contends that the prosecution failed to rebut his alibi defense and failed to establish that he possessed a specific intent to kill Tyrone Horton. The Court concluded that the evidence was sufficient. Reasonable jurists would agree because (1) the jury could have inferred from the repeated firing of a high caliber gun at the victim that the shooter intended to kill someone and (2) a federal habeas court is not required to reweigh the evidence or redetermine the credibility of witnesses. *Matthews v. Abramajtys*, 319 F.3d 780, 788-89 (6th Cir. 2003). Therefore, a certificate of appealability will not issue on Claim II.

## C.  The Prosecutor's Conduct

The third habeas claim alleges that the prosecutor deprived Petitioner of his constitutional right to a fair trial during closing arguments. Petitioner contends that the prosecutor vouched for the credibility of his witnesses, bolstered the validity of his case, denigrated the defense, and shifted the burden of proof to Petitioner. The Court found this claim to be procedurally defaulted.

Reasonable jurists would not debate whether the Court's procedural ruling was correct because the Michigan Court of Appeals reviewed Petitioner's claim for plain error. Petitioner

did not offer any argument in support of a finding of "cause and prejudice," nor submit any new and credible evidence from which a reasonable juror could have concluded that he was not guilty of the offenses for which he was convicted.

Reasonable jurists also would not debate whether Petitioner had stated a valid claim of the denial of a constitutional right. The alleged prosecutorial misconduct was not so egregious as to render the entire trial fundamentally unfair. *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997) (quoting *Cook v. Bordenkircher*, 602 F.2d 117, 119 (6th Cir. 1979)). A certificate of appealability will not issue on Claim III.

### D.  The Jury Instructions

Petitioner's fourth and final habeas claim alleges that the trial court committed reversible error when it failed to read the entire standard jury instruction on identification. Petitioner claims that the omitted paragraph of the standard instruction embodied his theory that Vincent Durr's testimony was not reliable because his descriptions of the shooter were inconsistent and conflicting.

The Court concluded that the jury instructions, when considered as a whole, did not deprive Petitioner of his right to defend himself. Reasonable jurists would agree because the trial court instructed the jury on mistaken identification, the credibility of witnesses, and the alibi defense. In addition, there were certain consistent factors in Durr's descriptions of the shooter, and defense counsel elicited testimony regarding the differences in the descriptions.

### III.  Conclusion

For all the reasons given above, the Court grants in part and denies in part the application

for a certificate of appealability. A certificate of appealability may issue on Claim I (pretrial identification), but not on Claim II (sufficiency of the evidence), Claim III (prosecutorial misconduct), and Claim IV (the jury instructions). Petitioner may proceed *in forma pauperis* on appeal because his appeal is taken in good faith and is not frivolous. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B).

Dated: September 10, 2007

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 10, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk